# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 24, 2017
NOT TO BE PUBLISHED

FINAL

Supreme Court of Kentucky

2016-SC-000488-MR

DATE 9/14/17 Kim Redmon, DC

KEITH JEROME STOVALL                                    APPELLANT

ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.                HONORABLE JAMES M. SHAKE, JUDGE
NO. 14-CR-002762

COMMONWEALTH OF KENTUCKY                                APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

This is a sex abuse case involving minors in which the events occurred between October 19, 2012 and October 19, 2013. Only one issue is raised on appeal. The specific details of the underlying crimes are not relevant to that issue. As such, only a brief factual background is necessary.

On one occasion while at his residence, Appellant, Keith Jerome Stovall, exposed his genitals and masturbated while in the presence of a minor child named Stephanie.[1] On a separate occasion while driving a car, Appellant exposed his genitals and masturbated while in the presence of a minor child

---

[1] Pseudonyms are being used to protect the anonymity of both minor victims.

named Barbara. Both girls were less than twelve-years-old at the time. They were the nieces of Appellant's former live-in girlfriend, Julie Martin. As a result of such conduct, Appellant was subsequently arrested, indicted, and tried by a Jefferson Circuit Court jury.

The jury convicted Appellant of first-degree sexual abuse for the incident involving Stephanie and also convicted him of first-degree sexual abuse for the incident involving Barbara. Appellant was additionally convicted of being a second-degree persistent felony offender (PFO). The jury recommended a sentence of 10 years for each sexual abuse conviction. The sentence was enhanced to be served consecutively for a total sentence of twenty years' imprisonment. The trial court sentenced Appellant in accordance with the jury's recommendation. Appellant now appeals his judgment and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution.

## Mistrial

Appellant argues that the trial court erred for failing to grant his motion for a mistrial. The alleged error here arose as a result of the following trial testimony of Louisville Metro Police Detective Rico Williams:

> Commonwealth: Did you ever attempt to make contact with [Appellant] and obtain his version of the facts?"
>
> Det. Williams: Yes, I did.
>
> Commonwealth: And were you able to . . . .

Appellant objected to the Commonwealth's line of questioning before the prosecutor ended his sentence. During a bench conference, Appellant requested a mistrial and argued that the Commonwealth's questioning

2

impermissibly referenced Appellant's right to remain silent. The court sustained Appellant's objection to the prosecutor's line of questioning, but denied the mistrial motion. Appellant's counsel failed to request an admonition.

"It is universally agreed that a mistrial is an extreme remedy and should be resorted to only when there is a fundamental defect in the proceedings which will result in a manifest injustice." *Gould v. Charlton Co., Inc.*, 929 S.W.2d 734, 738 (Ky. 1996). "[A] finding of manifest necessity is a matter left to the sound discretion of the trial court." *Commonwealth v. Scott*, 12 S.W.3d 682, 684 (Ky. 2000).

As previously noted, Appellant's trial counsel objected to the Commonwealth's questioning before the Detective responded with any level of detail concerning his attempts to contact Appellant. The testimony of the victims in this case was clear and compelling. Therefore, whatever alleged constitutional error that may have occurred here was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24 (1967).

Appellant also claims that an admonition following Detective Williams' testimony would have been insufficient to cure any alleged error because of previous statements by jurors during voir dire questioning. More specifically, Appellant's counsel asked the then prospective jurors whether any of them would try to explain themselves if they were accused of wrongdoing. Juror #1637116, who sat on the jury, indicated that he believed every situation would be different and that he understood that it might be against an accused

3

person's best interests to explain himself, even if he were innocent. Appellant did not attempt to strike that juror from the panel.

We are mystified by the point attempted to be made by Appellant, and only address it because he raised it in his brief. We see no problem with the juror's answer, nor why it was error to keep him on the jury. Neither do we see how this matter makes the failure of the trial court to give an admonition less important. Any attempt by the Appellant to link this voir dire matter with a mistrial issue fails.

We are unpersuaded by Appellant's argument that an admonition following Detective Williams' testimony would have been insufficient to cure the alleged error arising from his testimony. *See Johnson v. Commonwealth*, 105 S.W.3d 430, 441 (Ky. 2003). To the extent this line of questioning could be deemed in error, an admonition would have been a sufficient cure. *See Vincent v. Commonwealth*, 281 S.W.3d 785, 789-90 (Ky. 2009) (denying mistrial motion and concluding that an admonition would have cured impermissible testimony that violated defendant's right to remain silent). Nothing that occurred during voir dire changes this conclusion. Therefore, the trial court did not abuse its discretion in denying Appellant's mistrial motion.

## Conclusion

For the foregoing reasons, we hereby affirm the judgment of the Jefferson Circuit Court.

All sitting. All concur.

4

COUNSEL FOR APPELLANT:

Daniel T. Goyette
Louisville Metro Public Defender of Counsel

Cicely Jaracz Lambert
Deputy Appellate Defender

Allison Rief
Assistant Public Defender


COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Micah Brandon Roberts
Assistant Attorney General